THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
SCHIHIOK JUGIGO, alias SCHIBUYA JUGIRO, Appellant.

When, in a criminal case, all the forms of law have been observed and the
defendant has had every opportunity to make his defense, and his con-
viction has been affirmed by the highest court of the state, the contest
in the courts should end.

As to whether, it being the duty of attorneys and counselors of the courts
of this state to aid in the administration of justice, if they in such
case engage in vexatious proceedings, merely for the purpose of under-
mining the final judgment of the courts and defeating the law, do not
expose themselves to the disciplinary power of the Supreme Court,
*quære.*

(Argued June 1, 1891; decided June 9, 1891.)

THIS was a motion for a reargument.

A *mem.* of the case is given in 123 N. Y. 630.

The following is the opinion in full:

"In December, 1889, the defendant was convicted of
murder in the first degree. He appealed to this court, and
his case was argued in June, 1890, a few days before the sum-
mer recess. The judgment was here affirmed October 7, 1890,
and the following opinion was then written: 'The record
does not contain a single exception, and we are unable to
perceive any reason for bringing the appeal except to delay
the execution of the judgment. The evidence established
beyond any doubt the commission of the crime, and the charge
of the judge was fair and properly instructed the jury upon
the law needful for their guidance. There can be no pre-
tense for saying that the ends of justice require a new trial,
and the judgment should be affirmed.'

"The subsequent proceedings in the case on behalf of the
defendant have been discreditable to the administration of
justice. His case has been twice to the Supreme Court of the
United States, and is now here for the third time, and thus
courts have been needlessly vexed for no possible purpose
except delay.

"Upon this occasion a motion is made for a reargument of
the case after a lapse of nearly a year from the original argu-
ment upon pretexts manifestly frivolous, and for which there

can be no possible excuse or justification, and which will not now be dignified by any further notice.

"When all the forms of law have been observed, and the defendant has had every opportunity to make his defense, and his conviction has been affirmed by the highest court of the state, the contest in the courts should end, and the final judgment should be executed unless the governor of the state, in the exercise of his clemency, should grant a reprieve or a pardon. The forms of law should not be used to subvert the criminal law of the state.

"Attorneys and counselors admitted to practice in the courts of this state are under a duty to aid in the administration of justice, and they cannot consistently with this duty engage in vexatious proceedings merely for the purpose of undermining the final judgments of the courts and defeating the behests of the law. It ought to be a subject of inquiry, therefore, whether they can thus become the alies of the criminal classes and the foes of organized society without exposing themselves to the disciplinary powers of the Supreme Court.

"The motion should be denied."

*John R. Heinzelman* for appellant.

*McKenzie Semple* for respondent.

*Per Curiam* opinion for denial of motion.
All concur.
Motion denied. _____